**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TRACEY JANT, | |
|    Plaintiff | |
| | CIVIL ACTION FILE NO. |
| v. | |
| USA DRIVERS, INC., | |
|    Defendant | |

## COMPLAINT

Plaintiff TRACEY JANT brings this Complaint for damages and other relief against Defendant USA DRIVERS, INC. and alleges as follows.

## INTRODUCTION

This is an action for unpaid overtime wages pursuant to § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## PARTIES

1. Plaintiff Tracey Jant ("Plaintiff" or "Jant") is a citizen of Georgia and resides in Lawrenceville, Georgia.

2.     Defendant USA Drivers, Inc. ("Defendant" or "USA Drivers") is a foreign corporation authorized to conduct business in Georgia.

3.     USA Drivers' principle place of business is located at 5937 Jimmy Carter Blvd. Norcross GA, 30071.

4.     USA Drivers may be served with process by delivering a copy of the complaint and summons to its CEO, Andrew B. Shearer, who may be found at 5937 Jimmy Carter Blvd. Norcross GA, 30071.

## JURISDICTION AND VENUE

5.     The Court has original jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331, because Plaintiff's claim raises a question of federal law.

6.     Under 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the Northern District of Georgia.

7.     Pursuant to Local Rule 3.1(B)(1)(a) and § 1391(d), venue is proper in this the Atlanta Division, because Defendant resides in Gwinnett County.

## COUNT 1
## FAILURE TO PAY OVERTIME

8.      Plaintiff restates and incorporates into this count all previous allegations.

9.      In the three years prior to the filing of this complaint, Defendant has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

10.     In the three years prior to the filing of this complaint, Defendant has been and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

11.     In the three years prior to the filing of this complaint, Defendant has employed one or more individuals who handled materials that traveled in interstate commerce.

12.     In each of the three years prior to the filing of this complaint, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.

13.     Defendants' annual gross volume of sales made or business done in 2016 will exceed $500,000.

14.   Defendant employed Plaintiff, who was engaged in interstate commerce and/or in the production of goods for commerce.

15.   From August 5, 2014 to the present Jant has worked at USA Drivers as a Customer Services Representative.

16.   In addition, throughout her employment, Jant consistently worked more than 40 hours per week.

17.   Jant's regular schedule was Monday through Friday from 8:00 AM to 5:00 PM with a one hour break for lunch.

18.   However, Jant routinely worked through her lunch break.  This occurred approximately three days per week.

19.   In addition, one week out of every three, Jant was required to remain on call from 5:00PM to 7:00AM for all seven days of the week.

20.   During this on call interval, Jant frequently was required to receive calls and perform work, regardless of the time of day or her location.

21.   USA Drivers knew that Jant was working overtime and refused to pay her for her overtime hours.

4

22.   At all times relevant, USA Drivers classified Jant as a salaried exempt employee, and payed her a salary of $700 per week.

23.   However, Jant is not properly classified as a salaried exempt employee under the FLSA.

24.   Jant's duties as Customer Service Representative do not comply with the requirements under the FLSA to qualify for an exemption.

25.   Jant does not have authority to formulate, affect, interpret, or implement management policies or operating practices.

26.   Jant does not carry out major assignments in conducting the operations of the business.

27.   Jant does not have authority to commit USA Drivers in matters of significant financial impact.

28.   Jant does not provide consultation or expert advice to management.

29.   Jant is not involved in planning business objectives.

30.   To the extent that Jant participates in the hiring process, her role is that of a clerk. She screens applications to obtain data, but she does not make recommendations or decisions as to whether to hire specific employees.

31.   USA Drivers violated the FLSA when it refused to pay Jant overtime hours for work performed in excess of forty (40) hours per week.

## COUNT 2
## RETALIATION

32.   Plaintiff restates and incorporates into this count all previous allegations.

33.   On April 2, 2016 Jant through counsel sent a letter informing USA Drivers of her claim for unpaid overtime.

34.   Following her letter, management at USA Drivers engaged in a variety of actions intended to retaliate against Jant for, and discourage her from, continuing to asserting her legal rights under the FLSA.

35.   These actions included: reprimanding Jant for hiring a lawyer, accusing Jant of dishonesty in front of other employees, slamming an office door with sufficient force to knock framed certificates off the wall, threatening to "get

ugly" with Ms. Jant for taking legal action, and otherwise harassing and shunning her.

36.   Days later, USA Drivers began interviewing candidates for Jant's position.

37.   Shortly thereafter, USA Drivers began to threaten Jant that they would increase the responsibilities associated with her position in order to make the work more burdensome.

38.   USA Drivers' actions taken against Jant are materially adverse to a reasonable employee because USA Drivers' actions would dissuade a reasonable worker from making or supporting an FLSA claim.

39.   A causal connection exists between Jant's protected activity and the adverse action, given the proximity-in-time between Jant's demand and USA Drivers' adverse action.

40.   USA Drivers violated the FLSA, 29 U.S.C. § 215(a)(3), by taking adverse action because Jant asserted her claim against USA Drivers related to USA Drivers' willful violations of FLSA's minimum and overtime wage provisions.

7

41.    Section 216(b) of the FLSA makes any employer who violates section 215(a)(3) liable for such legal and equitable relief as is appropriate to effectuate the purposes of that section, including without limitation, employment, reinstatement, payment of lost wages, compensatory and punitive damages, as well as an additional equal amount as liquidated damages, costs, and attorneys' fees.

## PRAYER FOR RELIEF

Based on the allegations set forth in this Complaint, and the evidence as it is developed in this case, Plaintiff respectfully prays that:

(a)    The Court enter a monetary judgment in favor of Plaintiff;

(b)    The Court enter a declaratory judgment against the Defendant that it violated the FLSA and that their violations of the FLSA were willful;

(c)    The Court award Plaintiff all unpaid wages, as provided by the FLSA;

(d)    The Court award Plaintiff an equal amount in liquidated damages, as provided by the FLSA;

(e)     As to Count 2, the Court award Plaintiff compensatory and punitive damages resulting from Defendant's retaliatory adverse action against Plaintiff;

(f)     The Court award Plaintiff prejudgment interest;

(g)     The Court award Plaintiff his reasonable costs and attorney fees as provided by the FLSA; and

(h)     The Court grant Plaintiff such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff demands a jury trial on all issues triable by a jury.

Respectfully submitted: May 23, 2016.

MAYS & KERR, LLC                         /s/ James Craig
235 Peachtree St NE | Suite 202          James Craig
Atlanta, GA 30303                        Georgia Bar No. 940586
T: (404) 410 – 7998                      james@maysandkerr.com
F: (877) 813 – 1845
                                         Counsel for the Plaintiff