# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made and entered by and between **USA Drivers, Inc.** ("**Employer**") and **Tracey Jant** ("**Jant**").

## BACKGROUND INFORMATION

1. Jant worked for Employer from August 5, 2014 to June 29, 2016.

2. A dispute has arisen between Employer and Jant as to whether Jant was fully compensated for all hours that she worked.

3. On May 23, 2016, Jant filed suit in the federal District Court of the Northern District of Georgia, Civil Action No. 1:16-cv-01650-RWS (the "Lawsuit").

4. Employer and Jant desire to (a) amicably resolve their dispute and settle their differences, (b) buy their peace, and (c) otherwise avoid the cost and uncertainty of litigation;

NOW THEREFORE, in consideration of these recitals and promises set forth in this Agreement, the parties do hereby covenant and agree as follows:

## TERMS AND CONDITIONS

1. **Settlement Payment**. Within ten (10) business days of the Court's approval of this Agreement, Employer will pay Jant a total amount of **forty thousand dollars ($40,000.00)** (the "Settlement Payment").

    1.1. The Settlement Payment shall be divided into three separate parts as follows:

    1.1.1. As payment for alleged back wages, the sum of $7,500.00, less all applicable withholding taxes and payroll deductions, on a check made payable to **Tracey Jant,** reported on an IRS Form W-2;

    1.1.2. As payment for all other alleged non-wage damages, the sum of $7,500.00, on a check made payable to **Tracey Jant**, reported on an IRS Form 1099; and

    1.1.3. As payment for attorney fees and expenses, the sum of $25,000.00 on a check made payable to **Mays & Kerr, LLC**, reported on IRS Form 1099 to be issued to both Jant and her attorneys at year-end.

    1.2. All payments will be sent by **certified mail, FedEx, or UPS with a tracking number** and shall be addressed as follows:

    Mays & Kerr, LLC
    235 Peachtree St.
    North Tower | Suite 202

1

Atlanta, GA 30303
ATTN: James Craig, Esq.

2. **General Waiver and Release by Jant.**

   2.1. In exchange for the Settlement Payment, Jant fully releases and discharges Employer, including any parent entities, subsidiaries and affiliates, and past and present directors, officers, employees, agents, representatives, insurers, attorneys, successors and assigns (collectively, the "**Released Parties**") of and from, without limitation, any and all rights, claims, demands, actions, causes of action, suits, damages, liabilities, losses, costs or expenses of any kind, whether arising out of, relating to or resulting from Jant's employment with Employer, Jant's separation from Employer or any other matter, and specifically including but not limited to any and all:

      2.1.1. Claims arising under the Fair Labor Standards Act, the Portal to Portal Act; Title VII of the Civil Rights Act of 1964 (as amended); the Age Discrimination in Employment Act; the Family and Medical Leave Act; the Family Rights Act; the Immigration Reform and Control Act (as amended); the Occupational Safety and Health Act; the Uniformed Services Employment and Reemployment Rights Act; and any other federal, state or local civil or human rights law or any other federal, state or local law, regulation or ordinance;

      2.1.2. Claims for violation of any public policy, contract, tort or common law obligation, including but not limited to breach of express or implied contract or of an implied covenant of good faith and fair dealing, and negligent or intentional infliction of emotional distress;

      2.1.3. Claims for wages, bonuses and/or other employment benefits; and

      2.1.4. Any obligation for costs, fees or other expenses, including but not limited to attorneys' fees incurred in connection with any of the above or any other matter (collectively, the "**Released Claims**").

3. **General Waiver and Release by Employer.** In exchange for the consideration expressed herein, Employer fully releases and discharges Jant, and her successors and assigns of and from, without limitation, any and all rights, claims, demands, actions, causes of action, suits, damages, liabilities, losses, costs or expenses of any kind, whether arising out of, relating to or resulting from Jant's employment with Employer, Jant's separation from Employer or any other matter.

4. **Dismissal of the Lawsuit.**

   4.1. All Parties agree that, upon execution of this Agreement, they shall file a joint motion for approval of this Agreement in the Lawsuit for the purposes of obtaining court approval in accordance with the FLSA, 29 U.S.C. § 201 et seq. All Parties agree that they will set the joint motion for hearing as soon as possible, if required by

the Court. Counsel for Jant shall file the joint motion within five (5) days after the execution of this Agreement.

4.2. If the Court does not approve this Agreement, then this Agreement will become null and void. However, the Parties further agree that they will work together in good faith to re-negotiate any terms, conditions, or provisions rejected by the Court, will revise the Agreement to meet the Court's requirements once they agree on revised terms, conditions, and provisions, and will then re-submit an agreed-upon, revised agreement for approval by the Court within five (5) days of notification by the Court.

4.3. Upon judicial approval of the Agreement and Plaintiff's counsel's receipt of the payments as described above, the Parties, through counsel of record, agree to fully execute and file a Joint Stipulation of Dismissal with Prejudice. Counsel for Jant shall file the joint stipulation within five (5) business after confirmation of funds.

5. **Advice of Attorneys.** The parties acknowledge that they have fully read, understood and unconditionally accepted this Agreement after consulting with their respective attorneys.

6. **No Admission of Liability or Wrongdoing**. The parties have executed this Agreement to settle their differences, to buy their peace and to avoid the uncertainty, expense, burden and inconvenience of legal proceedings. This Agreement is not and shall not be construed as an admission of fault, wrongdoing or liability of either party.

7. **No Disparagement.** Employer and Jant agree to refrain from making any public statements (or authorizing any statements to be recorded as being attributed to them) that are critical or derogatory, or which may tend to injure the reputation or business of the other party.

8. **No Transfer**. Jant represents and warrants that she has not pledged, assigned, transferred or conveyed, or purported to pledge, assign, transfer, or convey, voluntarily, involuntarily, or by operation of law, any Released Claim against any Released Party, or any part or portion thereof, to any person or entity.

9. **Choice of Law**. This Agreement shall be construed and interpreted in accordance with and its performance governed by the laws of the State of Georgia, without regard to its conflicts of laws provisions.

10. **Invalid Provisions**. If any provision in this Agreement or any application thereof to either party shall be finally determined by a court of competent jurisdiction to be invalid, illegal or unenforceable in any respect, then such provision shall be severed and deleted from this Agreement and replaced with a like provision that is valid, legal and enforceable to the fullest extent permitted by applicable law and the validity, legality and enforceability of the remaining provisions of this Agreement and any other application thereof shall not in any way be affected or impaired thereby.

11. **Attorney Fees**. In any action or proceeding involving the interpretation or enforcement of, or defense against, any provision of this Agreement, the prevailing party in such action or proceeding shall be entitled to recover its reasonable attorney fees and all costs and expenses incurred in connection with such action or proceeding from the non-prevailing party. In

addition, the non-prevailing party shall pay all costs and expenses incurred in enforcing any judgment or award or in connection with any appeal, and this obligation shall be severable from the other provisions of this paragraph and shall survive any judgment, order or award and shall not be deemed to be merged therewith.

12. **Effective Date**. The effective date of this Agreement shall be the day on which Employer provides signature.

13. **Signature by Counterparts.** This Agreement may be signed in counterpart originals, each of which shall be deemed an original, but all of which together will constitute one and the same instrument. Counterparts may be delivered to the offices of counsel by regular mail and/or email.

14. **Final Agreement**. This Agreement constitutes the final and entire agreement between the parties with respect to its subject matter, and supersedes any prior or contemporaneous negotiations, discussions or understandings between the parties with respect to such subject matter. This Agreement may be amended, modified, revised, waived or supplemented only by written instruments signed by both parties.

IN WITNESS WHEREOF, the parties have signed this Settlement Agreement and Release to be effective as of the date first indicated above.

| **USA Drivers, Inc.** | **Tracey Jant** |
|---|---|
| Signature _[signed]_ | Signature _____ |
| Name  Andrew Shearer | Date _____ |
| Title  President | |
| Date  2/15/17 | |

4

addition, the non-prevailing party shall pay all costs and expenses incurred in enforcing any judgment or award or in connection with any appeal, and this obligation shall be severable from the other provisions of this paragraph and shall survive any judgment, order or award and shall not be deemed to be merged therewith.

12. **Effective Date.** The effective date of this Agreement shall be the day on which Employer provides signature.

13. **Signature by Counterparts.** This Agreement may be signed in counterpart originals, each of which shall be deemed an original, but all of which together will constitute one and the same instrument. Counterparts may be delivered to the offices of counsel by regular mail and/or email.

14. **Final Agreement.** This Agreement constitutes the final and entire agreement between the parties with respect to its subject matter, and supersedes any prior or contemporaneous negotiations, discussions or understandings between the parties with respect to such subject matter. This Agreement may be amended, modified, revised, waived or supplemented only by written instruments signed by both parties.

IN WITNESS WHEREOF, the parties have signed this Settlement Agreement and Release to be effective as of the date first indicated above.

| USA Drivers, Inc. | | Tracey Jant | |
|---|---|---|---|
| Signature | *[signed]* | Signature | *[signed] Tracey Jant* |
| Name | Andrew Shearer | Date | 2/15/2017 |
| Title | President | | |
| Date | 2/15/17 | | |

4